Henry GUNN, Jr. *v.* STATE of Arkansas

CR 86-194 726 S.W.2d 278

Supreme Court of Arkansas
Opinion delivered March 23, 1987

*Appellant*, pro se.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner was convicted by a jury of second degree murder and sentenced to twenty years in the Arkansas Department of Correction. The Court of Appeals affirmed. *Gunn v. State,* CACR 85-29 (August 28, 1985). Petitioner now seeks permission to proceed in circuit court pursuant to Criminal Procedure Rule 37. He also requests a copy of the transcript of the trial, all records, documents, docket sheets and "minutes" related to his case.

The motion requesting photocopies of the transcript

and other items is denied. Petitioner states that he needs the material to support his Rule 37 petition so that he will not be precluded from litigating unspecified constitutional claims, but he does not explain why the material is needed to support any particular argument. A petitioner is not entitled to a copy of the trial record or other material at public expense unless he demonstrates some reasonably compelling need for specific documentary evidence to support a particular allegation. *Austin* v. *State*, 287 Ark. 256, 697 S.W.2d 914 (1985). It should be noted that when an appeal has been lodged in either this court or the Court of Appeals, the appeal transcript remains permanently on file with the Clerk of the Supreme Court. Counsel may check the transcript out through the Clerk's office for a period of time, and persons who are not attorneys may review a transcript in the Clerk's office and photocopy all or portions of it. An incarcerated person desiring a photocopy of pages from a transcript may write this court and request that the copy be mailed to the prison. All persons, including persons in custody, must bear the cost of photocopying. *Austin* v. *State, supra. See also Washington* v. *State*, 270 Ark. 840, 606 S.W.2d 365 (1980).

■ Petitioner's petition for relief under Rule 37 consists of thirty-five typewritten pages and contains a number of allegations of both trial error and error by petitioner's attorney at trial. Many of the allegations also have multiple subpoints. Few of the allegations state any facts in support of them and no explanation is given in most instances to show how the petitioner was prejudiced. Several of the allegations are unclear. Since allegations which state only a conclusion and lack a showing of prejudice do not warrant postconviction relief, *Smith* v. *State*, 264 Ark. 329, 571 S.W.2d 591 (1978), we will discuss only those allegations for which petitioner has provided at least rudimentary facts in support and which are capable of being understood without resort to surmise and conjecture.

I.

■ Petitioner first alleges that counsel should have secured his release on bail. As denial of bail for whatever reason does not affect the validity of a judgment, failure to release an accused on bail is not a ground for postconviction relief. *Smith* v. *State*, 258 Ark. 533, 528 S.W.2d 359 (1975).

## II.

Petitioner also finds fault with counsel for not challenging his arrest as illegal. He does not contend that any evidence was obtained as a result of the arrest. A defendant fairly tried in a court of competent jurisdiction is not entitled to be set free based upon some flaw in the manner of his arrest. Probable cause for arrest is immaterial since the court's jurisdiction to try the accused does not depend upon the validity of his arrest. *Singleton* v. *State*, 256 Ark. 756, 510 S.W.2d 283 (1974). A challenge to the validity of an arrest is not cognizable under Rule 37.

## III.

Petitioner contends that the jury was biased against him. As support for the allegation, he states that only one black juror was chosen and that the remaining jurors were selected from an all-white section of the county. He does not argue that the state sought to systematically exclude black jurors or offer any proof that racial bias was a factor in his trial. It cannot be concluded from the unsubstantiated allegation that the jury was improperly selected.

Petitioner further alleges that counsel seated the jurors without questioning them and accepted some jurors without his approval. He asserts that one of the jurors was monitoring his case for the VA hospital for some unexplained reason and that he had had unspecified business dealings with some of the others. Counsel had the opportunity during voir dire of the jury to ascertain whether any potential juror was biased against his client. Petitioner does not allude to any proof that bias existed. The jury is presumed unbiased, and the petitioner has the burden of overcoming that presumption by demonstrating actual bias on the part of a juror. *Linell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984); *Jeffers* v. *State*, 280 Ark. 458, 658 S.W.2d 869 (1983). Petitioner has presented no evidence of actual bias on the part of any juror.

## IV.

Petitioner alleges that after the verdict was pronounced, the foreman of the jury told the judge that one juror had been

confronted by a member or members of the victim's family and told "you better get him if you have to railroad him." He states that the foreman told the judge that the incident did not affect the verdict and that the judge told the sheriff to get the names of those involved so that he could talk to them. Petitioner contends that counsel was ineffective in that he failed to request a mistrial after learning about the incident.

The record does not contain the proceedings after the jury returned with its verdict, so we have only petitioner's version of what occurred. Even if petitioner's account is entirely accurate, however, he has not proven that counsel was ineffective under the standard for judging ineffective assistance of counsel set out by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668 (1984). To prove ineffective assistance of counsel under *Strickland*, a petitioner must show that counsel's performance was deficient in that counsel made an error so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. Even if counsel's conduct is shown to be professionally unreasonable, the judgment must stand, unless the petitioner demonstrates that the error had a prejudicial effect on the outcome of the proceeding. A reasonable probability that but for counsel's conduct the result of the proceeding would have been different is a probability sufficient to undermine confidence in the outcome. Here, petitioner states that the court questioned the foreman as to whether the incident affected the verdict and determined that it did not. Although another attorney in a similar situation might have elected to request a mistrial, petitioner has not shown that counsel's failure to do so had a prejudicial effect on the outcome of the proceeding.

## V.

Petitioner also alleges that counsel should have requested a mistrial because the prosecutor went into the jury room during deliberations to check on how long deliberations were going to last. In another part of the petition, petitioner asserts that the prosecutor said he went into the jury room to tell the jury about the parole system.

 The record is silent on what, if anything, occurred while the jury was deliberating. Needless to say, it would have been highly improper for the prosecutor to enter the jury room for any reason and flagrant error for him to inform the jury about the parole system. If the record in this case did not end abruptly with the beginning of the jury deliberations, it might be possible to determine whether there was any improper conduct. The absence of any record, coupled with petitioner's allegation which, if proven, could establish prejudice sufficient to affect the outcome of his trial, requires an evidentiary hearing. This case presents a glaring example of an occasion when an evidentiary hearing is necessary, not because the allegation is particularly credible, but rather because we have been given a deficient record of the trial court's proceedings. We grant petitioner permission to file a petition in circuit court for an evidentiary hearing limited to the issue of whether the prosecutor entered the jury room; and, if so, whether petitioner suffered prejudice such that counsel was ineffective for failure to request a mistrial.

## VI.

As a basis for several allegations of ineffective assistance of counsel, petitioner complains that counsel did not conduct an adequate pre-trial investigation. He alleges that counsel should have requested a continuance to prepare a defense and familiarize himself with the crime scene so that evidence could have been presented to show that the state's witnesses were lying about how the shooting occurred. Although petitioner states at several points in the petition that the physical evidence obtained from the crime scene and in the autopsy would have supported his version of the shooting, he offers nothing specific to demonstrate how the evidence could have been used.

Petitioner also contends that he was denied the right to subpoena witnesses. As he fails to say who denied him the right, what witnesses were available or what their testimony would have been, there is no way to determine whether he was prejudiced.

## VII.

During the state's case, counsel for petitioner objected that two witnesses for the state were not competent to testify because

they were under the influence of alcohol. The court immediately held a hearing in chambers and concluded that the two women in question had not been drinking. Petitioner asserts that the women were indeed drunk and counsel should have made sure that they were given a breathalyzer examination.

The allegation borders on being frivolous. The trial court held a hearing and concluded that there was nothing to indicate that the women were intoxicated. The sheriff who had spent at least an hour with the witnesses in the witness room testified that he had detected no odor of alcohol on either woman. Counsel was unable to offer any proof that the women had been drinking and stated that he based his request for a hearing on a visit with the women which occurred sometime before the day of trial and on petitioner's knowledge of their "demeanor." Under the circumstances, counsel would have had no basis to press the court to order a breathalyzer test.

## VIII.

Petitioner next alleges that the prosecutor withheld evidence favorable to the defense and mentions specifically the results of laboratory tests on blood stains on his clothing and a report on the victim's arrest record. Petitioner provides no substantiation for the allegation to show how the test results or evidence of the victim's arrest record would have been useful to the defense. Allegations without factual support are not grounds for postconviction relief. *Smith* v. *State*, 264 Ark. 329, 571 S.W.2d 591 (1978).

## IX.

Petitioner repeatedly argues that he was entitled to an investigator because the prosecutor had one. Petitioner offers no authority for the proposition that an accused is entitled to the services of an investigator at state expense, and we know of none.

## X.

The state's pre-trial motion in limine was granted to exclude evidence of buying, selling and drinking alcohol at the house where the shooting occurred. Petitioner alleges that counsel was ineffective in that he "allowed" the motion to be granted. Counsel argued at length against the motion. Counsel's lack of

success does not equate with ineffectiveness. *See Fink* v. *State*, 280 Ark. 281, 658 S.W.2d 359 (1983).

## XI.

The jury was instructed on first and second degree murder. Petitioner argues that counsel was ineffective for not requesting an instruction on manslaughter as well because there was no evidence that the shooting was premeditated. He further alleges that all the state's witnesses lied in their accounts of the shooting from which the jury inferred that he acted with premeditation. He contends that the witnesses were coerced into deviating from their pre-trial accounts of the shooting. Petitioner does not say what form the coercion took or allude to any proof of coercion.

The court on appeal found substantial evidence that petitioner was guilty of murder in the second degree, an offense which requires premeditation. It is evident that petitioner is attempting to use Rule 37 as a means to again attack the sufficiency of the evidence and the credibility of the state's witnesses under the guise of a claim of ineffective assistance of counsel. Challenges to the credibility of witnesses and the sufficiency of the evidence are not grounds for a collateral attack on a judgment under Rule 37. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983). We have consistently held that a petitioner may not question the weight and sufficiency of the evidence under our postconviction rule by merely framing his attack on the evidence in an allegation of ineffective assistance of counsel. *Hickey* v. *State*, 287 Ark. 197, 697 S.W.2d 118 (1985).

## XII.

Petitioner's final allegations of ineffective assistance of counsel concern the adequacy of counsel's representation on appeal. Petitioner first points out that counsel tendered the record late. Petitioner is correct, but since the record was eventually accepted for filing, he could have suffered no prejudice from counsel's tardiness.

Next, petitioner alleges in conclusory fashion that counsel: (1) failed to raise on appeal issues "concerning the prosecution's line of questioning of the state's witnesses;" (2) failed to send a copy of the medical examiner's lab reports and

autopsy results to be compared with the medical examiner's testimony in court; (3) refused to allow petitioner access to those parts of the transcript which were not included in the official transcript; and (4) allowed an incomplete transcript to be submitted to the court. Counsel is not ineffective for failing to raise every issue suggested by his client. *See Jones* v. *Barnes*, 457 U.S. 1104 (1982). The conclusory allegations advanced by the petitioner are not enough to show that his attorney on appeal failed to raise any meritorious issue.

Petition granted in part and denied in part; motion for transcript denied.