

# SUPREME COURT OF ARKANSAS

No. CR-11-1009

| | |
|---|---|
| ROBERT JOSEPH MOTEN<br>APPELLANT | **Opinion Delivered** December 5, 2013 |
| V. | PRO SE APPEAL FROM THE<br>ARKANSAS COUNTY CIRCUIT<br>COURT, NORTHERN DISTRICT,<br>[NO. 01CR-07-109] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAVID G. HENRY,<br>JUDGE |
| | <u>AFFIRMED</u>. |

## PER CURIAM

In 2010, appellant Robert Joseph Moten was found guilty in a trial to the bench of first- and second-degree battery in the stabbing and cutting injuries of Iesha Timmons and Curtis Abrams. He was sentenced to an aggregate term of 264 months' imprisonment. The Arkansas Court of Appeals affirmed.[1] *Moten v. State*, 2011 Ark. App. 417. Appellant subsequently filed in the circuit court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The circuit court denied appellant's petition without a hearing, and appellant now brings this appeal. Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2013).

On appeal, appellant argues that the circuit court erred in denying relief on his claims that counsel was ineffective in failing to challenge the validity of the arrest warrant and corresponding affidavit for arrest, failing to subpoena and question witnesses, and failing to file

---

[1]Appellant's sole point on appeal was that he was denied the right to a trial by jury; however, the court of appeals found that appellant knowingly, intelligently, and voluntarily waived that right.

SLIP OPINION

a motion to dismiss on the ground of a speedy-trial violation; that the circuit court erred in denying relief on his claims of constitutional error; and that the circuit court did not make the requisite findings of fact and conclusions of law as required by Arkansas Rule of Criminal Procedure 37.3. This court does not reverse a decision granting or denying postconviction relief unless the circuit court's findings are clearly erroneous. *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam). We find no error in the circuit court's order denying postconviction relief and affirm on all points.

We first address appellant's contention that the circuit court's order fails to comply with Arkansas Rule of Criminal Procedure 37.3. Rule 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and the record of the case conclusively show that the petitioner is entitled to no relief. When it dismisses a Rule 37.1 petition without an evidentiary hearing, the circuit court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a). Because it is apparent from the order that the circuit court examined the record, found appellant's claims to be without merit, and entered written findings of fact to that effect, we cannot say that the circuit court erred in denying appellant's petition without a hearing.

Turning to appellant's points on appeal concerning his claims of ineffective assistance of counsel, we note that the sole question presented in an appeal from a circuit court's denial

2

SLIP OPINION

of a petition for postconviction relief under Rule 37.1 is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey*, 2013 Ark. 237. Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830.

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process rendering the result unreliable. *Id.* There is no



reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the *Strickland* standard if the appellant makes an insufficient showing on one of the prongs. *Id.* (citing *Strickland*, 466 U.S. at 697).

As his first point on appeal, appellant argues that the circuit court erred in denying relief on his claim that counsel was ineffective in failing to challenge the validity of the arrest warrant on the ground that it was not supported by probable cause but was based on an affidavit for arrest containing false and misleading information. Specifically, appellant contends that the affidavit for arrest was unsigned, unverified, and incomplete. He also asserts that information contained in the affidavit regarding his possession of a knife is false because, he contends, no knife was discovered or admitted into evidence and because both victims testified at trial that they did not see appellant with a knife.

Generally, a challenge to the validity of an arrest warrant is not cognizable under Rule 37.1. *Lewis v. State*, 2013 Ark. 105 (per curiam) (citing *Gunn v. State*, 291 Ark. 548, 726 S.W.2d 278 (1987) (per curiam)). However, counsel's decision whether to challenge the admission of evidence seized pursuant to the execution of an arrest warrant is cognizable. *Id.* A petitioner who makes such a challenge must demonstrate that a motion to suppress would have been meritorious had counsel pursued it. *Id.* In the instant case, though appellant argues on appeal that his conviction and sentence are the result of an invalid arrest warrant and are, thus, "fruits of the poisonous tree," he does not allege that any evidence or statements used at trial were obtained as a result of the arrest. Rather, appellant's sole argument is that counsel should have challenged the validity of the arrest warrant and that, because counsel failed to make such a

SLIP OPINION

challenge, prejudice ensued.

A petitioner seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Hogan v. State*, 2013 Ark. 223 (per curiam) (citing *Lowe v. State*, 2012 Ark. 185, ___ S.W.3d ___ (per curiam)). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). We have repeatedly held that an illegal arrest, standing alone, does not vitiate a valid conviction. *Cook v. Hobbs*, 2011 Ark. 382 (per curiam) (citing *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994)). Thus, any failure by counsel to challenge the validity of the arrest warrant is immaterial under Rule 37.1 as the court's jurisdiction to try appellant did not depend on the validity of his arrest. *Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974). Thus, appellant cannot establish a reasonable probability that the outcome of the trial would have been different absent counsel's failure to challenge the arrest warrant. Accordingly, we cannot say that the circuit court erred in denying relief on this point.

Appellant next argues that the circuit court erred in denying relief on his claim that counsel was ineffective in failing to issue subpoenas to six Stuttgart police officers whose testimony, he contends, would have shown that a "false arrest occurred by the use of prejudiced testimony." The circuit court ruled against appellant on this point, finding that counsel explained in open court that certain witnesses had not been subpoenaed but that a continuance would not be requested because appellant had expressed a desire to proceed to trial without

SLIP OPINION

subpoenaing those witnesses. The circuit court further found that, even if the officers had testified as appellant contended, the outcome of the trial would not have been different because appellant's conviction was based on the testimony of the two victims and of the woman to whose home appellant went after the incident.

The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Greer v. State*, 2012 Ark. 158 (per curiam) (citing *Woody v. State*, 2009 Ark. 413 (per curiam)). Where a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Stevenson v. State*, 2013 Ark. 302 (per curiam) (citing *Hogan*, 2013 Ark. 223). The decision to call or not to call a particular witness is largely a matter of professional judgment. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___. The fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Id.* (citing *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000)). In order to demonstrate prejudice, appellant must establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Greer*, 2012 Ark. 158.

Appellant's argument rests on his contention that the affidavit for arrest contained false information, namely, that appellant was seen in possession of a knife. As previously noted, however, any challenge to or testimony concerning the validity of the arrest warrant would have

6

had no effect on the outcome of the trial; thus, appellant cannot demonstrate prejudice resulting from counsel's failure to subpoena the six police officers. Moreover, the failure to call witnesses whose testimony would be cumulative to testimony already presented does not deprive the defense of vital evidence. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d. 228. Appellant contends that the six police officers would have testified that appellant was not actually seen in possession of a knife. This same information was presented through the testimony of the two victims, both of whom testified that they did not actually see appellant in possession of a knife or any other cutting instrument. Finally, as the circuit court noted in its order, appellant's counsel informed the court prior to proceeding to trial that no witnesses had been subpoenaed and questioned appellant on the record whether he wished to proceed to trial without subpoenaing witnesses. Appellant responded that he was comfortable without the witnesses. For these reasons, we find no error in the circuit court's order denying relief and affirm on this point.

As his third point on appeal, appellant argues that the circuit court erred in denying relief on his claim that counsel was ineffective in failing to file a motion to dismiss based on a speedy-trial violation. In denying appellant's claim, the circuit court found that a motion to dismiss would have been meritless because the delays in the case were the result of continuances requested by the defense and because of appellant's failure to appear for a scheduled trial date.

Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Greene*, 356 Ark. 59, 146 S.W.3d 871. Under the speedy-trial rule, if a criminal defendant is not brought to trial within a certain time, the charges shall be dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 28.1(c); Ark. R. Crim. P. 30.1. Arkansas Rules of

7

SLIP OPINION

Criminal Procedure 28.2 and 28.3 set out the calculation of time under the speedy-trial rule and authorize time periods to be excluded from calculation that result from necessary delays.

Appellant was arrested on July 3, 2007, and was brought to trial on March 9, 2010. For the purpose of determining time under Rule 28.1, the time for trial commenced on the date of appellant's arrest and ended on the day of appellant's trial. Ark. R. Crim. P. 28.2(a). A total of 971 days elapsed during that time frame, which constitutes the initial speedy-trial time calculation. This time period exceeded the one-year limitation in Rule 28.1(c) by 606 days. However, pursuant to Rule 28.3(c), the speedy-trial clock was tolled during the periods of delay resulting from continuances granted at the request of appellant or his trial counsel. The clock was also tolled during the periods of delay resulting from the absence or unavailability of appellant. Ark. R. Crim. P. 28.3(e). The record reflects that appellant requested a number of continuances and failed to appear for a scheduled trial date on August 18, 2009. He was not apprehended until December 9, 2009. The periods of delay resulting from appellant's requests for continuances and absence totaled 729 days.[2] Because the excluded period of delay exceeds the period of time for which the State would have had to account, a motion to dismiss on the ground of a speedy-trial violation would have been without merit, and, thus, failure of counsel to make such a motion does not constitute ineffective assistance. Accordingly, we affirm on this point.

---

[2]For the purpose of calculating the excluded time period, we do not consider an 84-day period of delay resulting from a continuance granted on September 18, 2007. The circuit court's criminal docket reflects that the case was continued on appellant's motion, and the record includes a motion for continuance filed by appellant's trial counsel on that date. However, a review of the transcript indicates that the continuance was granted on the State's motion.

SLIP OPINION

Finally, appellant asserted in his petition and on appeal allegations of due-process and equal-protection violations, as well as the denial of a fair trial. Specifically, appellant argues on appeal that he was not afforded effective assistance of counsel, that the circuit court issued an arrest warrant on a perjured affidavit for arrest, and that the State engaged in prosecutorial misconduct because the prosecutor knew that the arrest warrant was not supported by probable cause. With the exception of the claim regarding effective assistance of counsel, which has already been addressed herein, appellant's claims did not merit postconviction relief under Rule 37.1.

Allegations of trial error, even those of constitutional dimension, must be raised at trial and subsequently on the record on direct appeal. *Watson v. State*, 2012 Ark. 27 (per curiam); *Delamar v. State*, 2011 Ark. 87 (per curiam). Such claims are not cognizable in Rule 37.1 proceedings. *Walton v. State*, 2013 Ark. 254 (per curiam); *Webb v. State*, 2013 Ark. 153 (per curiam); *Davis v. State*, 2013 Ark. 118 (per curiam). Likewise, appellant's claims of prosecutorial misconduct are also not cognizable in Rule 37.1 proceedings. *Meek v. State*, 2013 Ark. 314 (per curiam) (holding that claims of prosecutorial misconduct are claims of trial error and are not cognizable in a Rule 37.1 petition); *Walton*, 2013 Ark. 254; *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1 (citing *Lowe*, 2012 Ark. 185, ___ S.W.3d ___).

Affirmed.

*Robert J. Moten*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.