

# SUPREME COURT OF ARKANSAS

No. CR-12-207

| | |
|---|---|
| CHARLES ALVIN BOATRIGHT<br>APPELLANT | **Opinion Delivered** February 13, 2014 |
| V. | PRO SE APPEAL FROM THE<br>MADISON COUNTY CIRCUIT COURT<br>[NO. 44CR-09-77] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WILLIAM A. STOREY,<br>JUDGE |
| | AFFIRMED. |

## PER CURIAM

In 2010, appellant Charles Alvin Boatright was found guilty by a jury of one count of rape and ten counts of possessing matter depicting sexually explicit conduct involving a child. He was sentenced to 480 months' imprisonment for the rape conviction and 60 months' imprisonment for each count of possessing child pornography. The trial court ordered the sentence for the rape conviction to be served consecutively with two of the child-pornography convictions and concurrently with the remaining convictions, resulting in an aggregate sentence of 600 months' imprisonment. The Arkansas Court of Appeals affirmed. *Boatright v. State*, 2011 Ark. App. 326, 384 S.W.3d 12.

At trial, Officer Russell Alberts of the Madison County Sheriff's Office testified that, after receiving a report involving the molestation of a child by appellant and interviewing the victim, he obtained a search warrant to search the house where appellant lived with his sister based on information that the rape may have been recorded. He stated that, during the search, CDs containing child pornography were discovered in appellant's bedroom. The rape victim,

SLIP OPINION

who was eleven years old at the time of the trial, testified that appellant put his tongue in her vagina when she was five or six years old. Appellant, who had previously given a statement confessing that he had "rubbed [the victim], maybe a little, with my finger" and that he owned the CDs with child pornography, denied committing any act against the victim or owning the CDs. *Boatright*, 2011 Ark. App. 326, 384 S.W.3d 12. Appellant's sole argument for reversal on direct appeal was that the trial court improperly denied him the right to fully develop his defense that someone planted the offending CDs in his room. He contended that he was prevented on a number of occasions from developing evidence that his family had a financially motivated vendetta against him. *Id.* Affirming the trial court's finding that the evidence was not relevant, the court of appeals held that the issue of whether the CDs had been planted was too removed from the issue of appellant's guilt to be relevant and that there was nothing to substantiate appellant's theory that the CDs had been planted. The court further held that any error would have been harmless because the evidence that appellant knowingly possessed the CDs containing child pornography was overwhelming. *Id.*

After the court of appeals affirmed the judgment-and-commitment order, appellant filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). Following a hearing, the trial court denied and dismissed the petition, addressing each of appellant's claims of ineffective assistance of counsel. As to appellant's claim that he was entitled to relief based on the deputy prosecuting attorney's failure to disqualify himself from the case, the trial court found that the deputy prosecuting attorney's representation of appellant's mother's estate was unrelated to the case and did not constitute a

SLIP OPINION

conflict of interest or prejudice to appellant.[1]

The grounds advanced by appellant for reversal consist of a series of allegations that he was not afforded effective assistance of counsel.[2] This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, ___ S.W.3d ___.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to

---

[1]The reference in the trial court's order to the deputy prosecuting attorney representing appellant's mother's estate appears to be a misstatement. In both appellant's Rule 37.1 petition and at the hearing, appellant's claim was that the deputy prosecuting attorney had a conflict of interest because he had represented appellant's father, specifically that he had prepared a will for appellant's father, who died in 2004.

[2]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

SLIP OPINION

*Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, ___ S.W.3d ___; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

"[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his first point on appeal, appellant makes a number of conclusory claims, namely that counsel did not conduct an adequate or thorough investigation of the facts surrounding the charges filed against him; did not conduct an independent investigation of "the events before, during or after the rape" or the search of his house and arrest; and did not obtain information or investigate any mitigating facts. In support of these claims, appellant contends that counsel was ineffective based on the failure to file a motion to suppress CDs and DVDs containing child pornography found at his home. He argues that a motion to suppress this evidence would have been meritorious based on his claim that the search warrant was defective because it did not include his name.[3] Appellant also attempts to support his claims with the contention that counsel was deficient in failing to interview or call witnesses who had knowledge of the events giving rise to the charges against him and information regarding his character and social history.

The majority of appellant's claims are conclusory or lack any substantiating facts to show prejudice, and he does not show that further investigation would have been fruitful. *See Daniels v. State*, 2013 Ark. 208 (per curiam). Conclusory allegations unsupported by factual information

---

[3]In an apparent attempt to further support his argument that counsel was ineffective for failing to file a motion to suppress, appellant also makes several other allegations for the first time on appeal that he contends would have supported the motion. Because arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court. *Green v. State*, 2013 Ark. 455 (per curiam). Issues raised for the first time on appeal are not grounds to reverse a trial court's order. *Williams v. State*, 2013 Ark. 375 (per curiam). Accordingly, we do not consider any argument raised by appellant for the first time on appeal.

SLIP OPINION

of counsel's ineffectiveness do not provide a basis for postconviction relief. *Garcia v. State*, 2013 Ark. 405 (per curiam); *Bond v. State*, 2013 Ark. 298, __ S.W.3d __ (per curiam).

Moreover, appellant's claims are not supported by the evidence presented at the Rule 37.1 hearing. While appellant contends that counsel was ineffective for not filing a motion to suppress based on the validity of the search warrant, he does not show that counsel could have made any meritorious argument in support of such a motion. Failure to make a meritless objection does not constitute ineffective assistance of counsel. *Moten v. State*, 2013 Ark. 503 (per curiam). The warrant describes the place to be searched and the things to be seized, as required by Arkansas Rule of Criminal Procedure 13.1(b) (2009). The Rule does not require that a person's name be included on the warrant, as claimed by appellant. *See id.*

As to counsel's alleged failure to interview or call witnesses, counsel testified at the Rule 37.1 hearing that he did contact potential defense witnesses and that they were all hostile toward appellant. We have stated that the decision of trial counsel to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37.1. *Banks*, 2013 Ark. 147. Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the client. *Id.* Nonetheless, such strategic decisions must still be supported by reasonable professional judgment. *Id.* Where a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Moten*, 2013 Ark. 503; *Stevenson v. State*, 2013 Ark. 302 (per curiam) (citing *Hogan v. State*, 2013 Ark. 223 (per curiam)). Appellant fails to substantiate his claim that counsel was ineffective based on the

SLIP OPINION

failure to interview or call any witness. Moreover, he does not name any particular individual that counsel should have interviewed or called as a witness or what information a particular witness may have provided.

Appellant next contends that he received ineffective assistance because counsel did not spend sufficient time discussing the case and developing trial strategy with him. Appellant does not show that there was a different and more successful strategy that counsel could have adopted.[4] As stated herein, conclusory allegations not supported by factual information do not provide a basis for relief. *Garcia*, 2013 Ark. 405; *Bond*, 2013 Ark. 298, ___ S.W.3d ___. Moreover, counsel testified that he met with appellant on 15-20 occasions and that he investigated every defense that appellant proposed. He further stated that appellant's decisions to testify on his own behalf and to refuse a plea offer were against his advice. Appellant conceded that counsel met with him numerous times and put "a lot of time in on his case."

Appellant's final argument on appeal is unclear, but he appears to contend that counsel was ineffective for failing to investigate an alleged conflict of interest of the deputy prosecuting attorney based on the attorney's representation of appellant's family in probate matters and his knowledge of the hostility between appellant and his sister.[5] However, in his petition and at the

---

[4]In an apparent attempt to argue that counsel was ineffective in failing to raise the issue, appellant states in his reply brief that, according to the lab report, there was no child pornography found on the CDs/DVDs. Appellant does not raise this argument in his brief-in-chief, and the report from the State Crime Lab clearly states that images consistent with child pornography were found on the CDs. *See Tavron v. State*, 2010 Ark. 295 (per curiam) (An issue may not be raised for the first time in a reply brief.).

[5]Appellant also contends for the first time on appeal that counsel was ineffective for failing to investigate and introduce evidence of his troubled relationship with his family and their fabrication of the events giving rise to the charges filed against him. As stated herein, because

SLIP OPINION

Rule 37.1 hearing, appellant's argument was that he was entitled to relief due to the deputy prosecuting attorney's failure to disqualify himself from the case based on the attorney's preparation of appellant's father's will several years ago. To the extent that appellant is arguing on appeal that he received ineffective assistance based on the failure to investigate the alleged conflict of interest, this conclusory allegation was not contained in appellant's verified Rule 37.1 petition or supported by any evidence presented at the hearing, and it will not be considered for the first time on appeal. *See Green*, 2013 Ark. 455. In fact, counsel testified that he was aware that appellant claimed a conflict of interest of the prosecuting attorney and that, in his professional judgment, he did not believe that there was any conflict. To the extent that appellant is raising the argument on appeal that the deputy prosecuting attorney erred in failing to disqualify himself from the case, this contention is not a claim that is cognizable in a Rule 37.1 proceeding. *See Meek v. State*, 2013 Ark. 314 (per curiam) (holding that claims of prosecutorial misconduct are claims of trial error and are not cognizable in a Rule 37.1 petition).

Affirmed.

*Charles Alvin Boatwright*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court. *Green*, 2013 Ark. 455. We also recognize that the court of appeals addressed a similar argument on direct appeal. On direct appeal, appellant argued that the trial court prevented him from developing evidence that his family had a financially motivated vendetta against him and that they planted the offending CDs in his bedroom. The court of appeals affirmed the trial court's finding that the evidence was not relevant, and it further held that any error was harmless due to the overwhelming evidence that appellant knowingly possessed the CDs containing child pornography. *Boatright*, 2011 Ark. App. 326, 384 S.W.3d 12.