Cite as 2014 Ark. 226

# SUPREME COURT OF ARKANSAS

No. CR-11-743

| | |
|---|---|
| COURTNEY POLLARD<br><div align="right">APPELLANT</div> | Opinion Delivered May 15, 2014 |
| V. | PRO SE APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-07-1165] |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | <u>AFFIRMED</u>. |

## PER CURIAM

In 2008, appellant Courtney Pollard was found guilty by a jury in the Crittenden County Circuit Court of first-degree murder and criminal use of a prohibited weapon. He was sentenced as a habitual offender to consecutive sentences of life and 144 months, respectively. We affirmed. *Pollard v. State*, 2009 Ark. 434, 336 S.W.3d 866.

On November 25, 2009, appellant filed in the circuit court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008), as well as a subsequent motion to amend the Rule 37.1 petition. Though no order was entered granting leave to amend, appellant filed two amended Rule 37.1 petitions, both of which were over length and appeared to be identical. Appellant alleged in the petition and amended petitions that trial counsel was ineffective for the following reasons: failing to investigate and call additional witnesses; failing to object to the introduction of photographs of the victim's body; failing to request a mental evaluation; failing to offer proper jury instructions, object to

misleading jury instructions, and request a jury instruction on manslaughter.[1] On June 1, 2011, the circuit court entered an order denying appellant's request for postconviction relief without a hearing, and appellant timely lodged the instant appeal.

On appeal, appellant asserts six points for reversal: (1) trial counsel was ineffective in failing to investigate and call additional witnesses; (2) trial counsel was ineffective in "failing to probability presence the court that Pollard conviction rest on a Manslaughter or Reckless Manslaughter instruction"; (3) trial counsel was ineffective in failing to object to the introduction of photographs of the victim's body; (4) trial counsel was ineffective in failing to raise an argument that a *Brady* violation had occurred; (5) trial counsel was ineffective in failing to file a motion to suppress; (6) trial counsel was ineffective in failing to argue against the sufficiency of the evidence and to preserve a sufficiency argument for direct review. We find no error and affirm.

This court will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Johnson v. State*, 2014 Ark. 74; *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland*

---

[1]All allegations raised below but not argued on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

SLIP OPINION

*v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam).

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 385 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt

3

respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

As his first point on appeal, appellant asserts that trial counsel was ineffective in failing to investigate and call two witnesses who he contends would have bolstered his own testimony that the victim, Marvin Banks, had a gun at the time of the shooting and that appellant believed that Banks was going to kill him for being a "snitch." Appellant further argues that, had counsel called these two witnesses, there is a reasonable probability that the jury would have found appellant guilty of manslaughter rather than first-degree murder. Appellant summarizes, as he did in his first Rule 37.1 petition, the testimony that James Kyle and Brett Robinson would have provided if called as witnesses at trial. James Kyle would have testified that he was with appellant on the night of the shooting, that he saw a gun in Banks's hand, and that Banks fired two or three shots at him and appellant.[2] Brett Robinson would have testified that he was with Banks on the night of the shooting, that he and Banks had been smoking crack-cocaine, and that

---

[2]Appellant attached an unsigned, unverified affidavit of James Kyle to the first Rule 37.1 petition.

SLIP OPINION

Banks stated that he had planned on killing someone for "snitching" on him.

Where a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Moten v. State*, 2013 Ark. 503 (per curiam); *Bond v. State*, 2013 Ark. 298, ___ S.W.3d ___ (per curiam). The decision to call or not to call a particular witness is largely a matter of professional judgment. *Moten*, 2013 Ark. 503; *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. The fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Moten*, 2013 Ark. 503; *Williams*, 2011 Ark. 489, 385 S.W.3d 228. To demonstrate prejudice, appellant must establish that there was a reasonable probability that, had counsel performed further investigation and presented the witnesses, the outcome of the trial would have been different. *Moten*, 2013 Ark. 503. The circuit court was not clearly erroneous in denying appellant's request for relief on this claim as appellant has failed to establish, in his petition and on appeal, that the testimony of either witness would have been admissible or would have changed the outcome of the trial.

Appellant's second point on appeal is not entirely clear. Appellant labels his second point on appeal as one asserting ineffective assistance of counsel for "fail[ure] to probability presence the court that Pollard conviction rest on a Manslaughter or Reckless Manslaughter instruction." The substance of appellant's argument, however, appears to request relief pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). This claim is not preserved for appellate review because it was

not raised below. *Boatright v. State*, 2014 Ark. 66 (per curiam). Furthermore, a request for relief pursuant to sections 16-12-201 to -208 is not properly made in the appellate court on direct appeal from the denial of a Rule 37.1 petition, and, therefore, we decline to address it. *See Hill v. State*, 2013 Ark. 413 (per curiam) (holding that a petitioner invoking Act 1780 must proceed with a properly filed petition for writ of habeas corpus filed in the court in which the conviction was entered).

Appellant's remaining points on appeal are not preserved for this court's review. Appellant argues as his third point on appeal that trial counsel was ineffective in failing to object to the State's introduction into evidence of photographs of the victim's body. In the amended Rule 37.1 petitions, appellant contended that trial counsel should have objected to the introduction of the State's Exhibits Nos. 6, 7, 8, and 16. On appeal, appellant contends that an objection should have been raised as to the State's Exhibits Nos. 5a, 5b, 5c, and 5d.[3] An appellant cannot change the grounds supporting a claim of ineffective assistance of counsel for the first time on appeal. *Mathis v. State*, 2014 Ark. 148 (per curiam). In the final three points on appeal, appellant alleges that trial counsel was ineffective in failing to argue that the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), failing to file a motion to suppress evidence, and failing to argue against the sufficiency of the evidence and preserve a sufficiency-of-the-evidence argument for review on direct appeal. Appellant's arguments were not raised below and are, therefore, not preserved for this court's review. Arguments raised for

---

[3]The trial record does not contain any exhibits labeled as Nos. 5a, 5b, 5c, or 5d, and appellant's argument in his brief-in-chief references testimony of a State witness who, according to the trial record, did not testify in appellant's trial.



the first time on appeal could not have been considered by the circuit court and will not be addressed by this court. *Boatright*, 2014 Ark. 66; *Breeden v. State*, 2013 Ark. 145, ___ S.W.3d ___ (declining to address arguments raised for the first time on appeal).

Affirmed.

*Courtney Pollard*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Irvin*, Ass't Att'y Gen., for appellee.