

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–156

| | |
|---|---|
| TODD AARON SMITH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 5, 2014<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. CR–2013–188]<br><br>HONORABLE JOE E. GRIFFIN, JUDGE<br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant Todd Aaron Smith contests his jury conviction of one count of rape. His sole issue on appeal is that the circuit court erred when it denied his motion for directed verdict. We find no error and affirm.

On appeal, this court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Smoak v. State*, 2011 Ark. 529, 385 S.W.3d 257. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id*.

SLIP OPINION

A jury convicted Smith of rape in violation of Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2013). Rape is defined in this subsection as engaging in sexual intercourse or deviate sexual activity with a person less than fourteen years of age. *Id.* At trial, J.C., the eight-year-old victim, testified that Smith "put his private in my private" and that it hurt "really bad." She explained that when it was over she saw blood on his bed, where the attack had occurred. The sexual-assault nurse examiner testified that J.C. had a cleft in her hymen that was indicative of trauma to the area and could indicate that there was sexual penetration. J.C.'s six-year-old sister, Gr.C., testified that Smith touched her inappropriately as well and that she had seen him "get on top of" J.C. and their younger sister, four-year-old Ga.C.

A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008). A rape victim's testimony need not be corroborated, and scientific evidence directly linking the defendant to the crime is not required. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297 (2009). Moreover, it is the function of the jury, and not this court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Vance v. State*, 2011 Ark. 392, 384 S.W.3d 515.

In this case, the jury heard testimony from (1) the victim regarding penetration, (2) the nurse regarding trauma to the victim's hymen consistent with rape, and (3) the sister corroborating inappropriate sexual conduct and opportunity. This was substantial

SLIP OPINION

evidence to support the jury's verdict of rape. We affirm.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.