

# SUPREME COURT OF ARKANSAS

No. CR–12–629

| | | |
|---|---|---|
| JEFFREY GARCIA | | **Opinion Delivered** October 10, 2013 |
| | APPELLANT | PRO SE MOTION FOR LEAVE TO FILE BELATED REPLY BRIEF AND MOTION TO STRIKE APPELLEE'S BRIEF [SALINE COUNTY CIRCUIT COURT, 63CR-09-282, HON. GARY M. ARNOLD, JUDGE] |
| v. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED; MOTIONS MOOT. |

**PER CURIAM**

On December 10, 2009, judgment was entered reflecting that appellant Jeffrey Garcia had been found guilty of two counts of rape and one count of sexual assault in the second degree. He was sentenced to 1200 months' imprisonment in the Arkansas Department of Correction and fined $15,000. The Arkansas Court of Appeals affirmed. *Garcia v. State*, 2011 Ark. App. 340.

On August 29, 2011, appellant filed a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009) in which he alleged that both of his trial attorneys had rendered ineffective assistance. In its amended order, the trial court dismissed the petition, and appellant has lodged an appeal in this court. Both appellant's brief-in-chief and the State's brief were timely filed. Now before us are appellant's motions for leave to file a belated reply brief and to strike the State's brief. As it is clear from the record and the filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order

SLIP OPINION

is affirmed, and the motions are moot.

This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Stevenson v. State*, 2013 Ark. 302; *Pankau v. State*, 2013 Ark. 162; *Bates v. State*, 2012 Ark. 394. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

The grounds for reversal advanced by appellant in his brief on appeal are consistent with the allegations in his petition that he was not afforded effective assistance of counsel at trial.[1] A review of the Rule 37.1 petition and the order reveals no error in the trial court's decision to deny the petition. When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Stevenson*, 2013 Ark. 302; *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner

---

[1]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grigsby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).


SLIP OPINION

raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, ___ S.W.3d ___; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Stevenson*, 2013 Ark. 302; *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Stevenson*, 2013 Ark. 302. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of



the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

At trial, the evidence showed that appellant, a former police officer, was in a long-term cohabitation relationship with DCS, the mother of three minor children (girl, 14; boy, 13; girl, 12). The youngest child reported to a school counselor numerous incidents of sexual abuse at the hands of appellant. Two of the children reported being anally penetrated on multiple occasions, and the oldest child reported that she was asked to play "horsey" with appellant without her underwear on and that he touched her vagina with his tongue. The children reported the rapes to their mother on at least two separate occasions. DCS was eventually arrested for failure to report or prevent abuse to minors. At trial, the minor victims each recounted appellant's crimes against them and their siblings, and DNA recovered from a mixture of appellant's sperm and the male victim's skin cells from a comforter from the victim's bed was introduced into evidence. *Garcia*, 2011 Ark. App. 340.

Appellant's first point on appeal of the denial of his Rule 37.1 petition is that his attorneys were deficient in their investigation and examination of the State's two expert witnesses, Dr. Matthew Bell, who examined one of the victims and reviewed the medical records of the other two victims, and Tracey Sanchez, a forensic interviewer who interviewed the victims. He argues that counsel were ineffective for failing to sufficiently challenge the testimony of the witnesses by a more thorough cross-examination or by hiring experts in the field of child sexual abuse. Specifically, he contends that counsel failed in not introducing evidence to dispute Dr. Bell's testimony that there are no physical findings in most child sex-abuse cases. In a related argument, appellant contends that counsel were ineffective for failing

SLIP OPINION

to request funds to hire an expert witness to challenge the testimony of the witnesses. However, the record reveals that counsel did vigorously cross-examine both witnesses. Moreover, appellant's only support of his claims is his statement in his brief that, in his petition, he provided links to Internet websites that referred to experts, who he alleges would counter the testimony of the State's witnesses. Other than claiming that those experts would challenge the conclusions of the State's witnesses, appellant fails to detail what assistance those experts would provide or what relevant information could have been provided through additional cross-examination. For ineffective-assistance-of-counsel claims based on a failure to call a witness, the appellant must name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Charland v. State*, 2012 Ark. 246. Appellant fails to do so. Instead, his allegations are conclusory in nature and cannot be the basis of postconviction relief. *See id.* Moreover, in the absence of specific information regarding omitted testimony, appellant cannot demonstrate how it would have changed the outcome of his trial, as is necessary to demonstrate any prejudice. *See id.* It is clear that appellant cannot establish that the trial court clearly erred in finding that counsel was not ineffective on this basis. Because we hold that appellant does not prevail in his argument, we cannot say that counsels' decision not to request funds for the purpose of hiring expert witnesses amounted to a denial of effective assistance.

Appellant next contends that he received ineffective assistance based on counsels' failure to interview and investigate the physician who examined two of the victims or to call the examining physician as a witness. At trial, Dr. Bell testified that the medical reports prepared

SLIP OPINION

by the examining physician showed that the examinations of both of these victims were within normal limits. In arguing that he received ineffective assistance, appellant refers to a violation of the right of confrontation, as guaranteed by the Sixth Amendment to the United States Constitution, and he claims that he was denied his right to confront his accusers based on the failure of counsel to interview the examining physician. However, appellant fails to provide any evidence that he was prejudiced by counsels' failure to interview the examining physician or to call him as a witness at trial. An appellant must do more than allege prejudice; he must demonstrate it with facts. *Walton v. State*, 2013 Ark. 254 (per curiam). While appellant states that the examining physician could have answered questions related to the preparation of his report that Dr. Bell could not, he provides no evidence that he suffered any prejudice as a result of counsels' not calling the examining physician as a witness. To the extent that appellant also contends that he was denied effective assistance as a result of counsels' failure to object to the testimony of Dr. Bell with regard to the reports of the examining physician, this argument must also fail as appellant does not demonstrate any prejudice with facts.

Next, appellant argues that counsel was deficient in failing to introduce impeachment evidence that would have damaged the credibility of the victims and questioned the "true purpose" of law enforcement. Specifically, he refers to counsels' decision not to introduce a diary with entries by one of the female victims in which she wrote of her hatred of appellant but does not mention abuse; counsels' failure to question Investigator Kory Bauer about a note found by investigators that was written by one of the victims to the mother in which love for the mother is expressed without mention of abuse; counsels' failure to impeach the testimony

of Investigator Bauer based on the presence of a bottle of lotion in photographs of the house where the crimes occurred despite Investigator Bauer's failure to list the lotion among the items seized from the house; counsels' failure to impeach Investigator Bauer based on the victim's note to the mother being found in the house even though the investigator's report states that investigators were unable to locate the note; and counsels' failure to investigate for purposes of impeachment a discrepancy in the children's testimony as to whether the door of the master bedroom closed properly, thereby preventing anyone standing outside the door from seeing inside the bedroom.[2]

The manner of questioning a witness is by and large a very subjective issue about which different attorneys could have many different approaches. *Clarks v. State*, 2011 Ark. 296 (per curiam). Counsel is allowed great leeway in making such strategic and tactical decisions. *Leak v. State*, 2011 Ark. 353 (per curiam). Those decisions are a matter of professional judgment, and matters of trial tactics and strategy are not grounds for postconviction relief on the basis of ineffective assistance of counsel, even if a decision proves unwise. *Clarks*, 2011 Ark. 296; *Leak*, 2011 Ark. 353. In addition, appellant failed to show that any failure to elicit the aforementioned testimony was so prejudicial that it tainted appellant's trial to the degree that the proceeding was unfair. The jury determines, not merely the credibility of the witnesses, but the weight and value

---

[2]Appellant also summarily refers to counsels' failure to prepare sufficiently to challenge the prosecution or call an expert witness to "bring out the truth," and counsels' failure to "put in the memory of the jury" that the victims were treated "softly" and that children are often convincing when they claim that "the most atrocious harm has befallen them." Conclusory allegations unsupported by factual information of counsels' ineffectiveness do not provide a basis for postconviction relief. *Bond v. State*, 2013 Ark. 298, ___ S.W.3d ___ (per curiam). To the extent that any of these arguments were raised below, appellant does not offer factual substantiation of claims of a lack of preparation or necessity of an expert witness on appeal.

SLIP OPINION

of their testimony. *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001). We cannot say that the trial court was clearly erroneous in finding that the appellant did not carry his burden to show that the outcome of appellant's trial would have been different if the evidence had been introduced.

Appellant also contends that counsel was ineffective in failing to investigate the stranger-awareness curriculum that the victims were taught at school by their school counselor. He further argues that counsel was deficient in failing to introduce the curriculum into evidence to show that the use of the curriculum allowed the victims to learn how to effectively fabricate their allegations against him.[3] Because counsel cross-examined the school counselor about the material regarding inappropriate touching that was taught to the victims, appellant cannot demonstrate any deficiency. Moreover, in light of the cross-examination of the counselor regarding the curriculum, we agree with the trial court that it is unclear how presenting the curriculum would have contributed to a different outcome.

Appellant next argues that he did not receive effective assistance because counsel "opened the door" to previously suppressed character evidence during the cross-examination of a police officer when counsel asked the officer if he believed appellant to be a "decent" policeman. Appellant argues that the State then used the character evidence to give the jury the impression that he was a "corrupt cop," thereby prejudicing the jury toward him. Appellant contends that even though he did not obtain a ruling from the trial court on this claim, we

---

[3]Appellant raises for the first time on appeal additional allegations that counsel was deficient based on a failure to introduce evidence that would further show that the victims had knowledge to formulate false claims. However, we do not consider issues raised for the first time on appeal. *James v. State*, 2013 Ark. 290 (per curiam).

8

SLIP OPINION

should review his argument because of his previous efforts to obtain a ruling.[4] Even if we considered appellant's argument, his contention does not support a claim of ineffective assistance. Conclusory allegations unsupported by factual information of an attorney's ineffectiveness do not provide a basis for postconviction relief. *Bond v. State*, 2013 Ark. 298, ___ S.W.3d ___ (per curiam). Because appellant simply claims that the jury could not fairly decide the charges based on the introduction of the evidence, his claims are conclusory and not sufficient to support allegations of ineffective assistance of counsel.

Appellant next makes a number of allegations that, he claims, show that counsels' lack of preparation and failure to investigate certain matters amounted to ineffective assistance. Because appellant does not provide what witnesses, testimony, or other evidence would have been admissible or how the outcome of the trial would have been different, the trial court was not clearly erroneous in finding that these unsupported and conclusory allegations are insufficient to support postconviction relief.

The next argument of ineffective assistance raised by appellant is that counsel was deficient in failing to present evidence that the male victim made false allegations of sexual abuse

---

[4]After the trial court entered a written order denying appellant's Rule 37.1 petition, stating only that "[each] allegation raised by the petitioner . . . is accurately and concisely refuted by the State in its Response," appellant filed a motion for modification seeking specific rulings on each of his asserted claims. He also filed a pro se petition for certiorari or, in the alternative, for writ of mandamus, asking this court to compel the circuit court to respond to his motion for modification and provide a ruling on the issues raised in the Rule 37.1 petition. In *Garcia v. Arnold*, 2012 Ark. 253 (per curiam), we found that the trial court failed to provide the required rulings on each of the issues raised in appellant's petition, as required by Rule 37.1(a). Because we found that appellant properly filed a motion for modification to obtain the missing rulings, we granted his petition for writ of mandamus. We denied his petition for writ of certiorari. Thereafter, the trial court entered its amended order in which it made specific findings with regard to the arguments raised in appellant's petition.

against a member of the foster-care home where he had been placed. Counsel received notice of the victim's allegation from the State prior to trial; however, counsel did not refer to the allegation at trial. Because the manner of questioning the child-witness was a matter of trial tactics and strategy, the trial court was not clearly erroneous in finding that counsels' decision not to attempt to impeach the testimony of the child-witness was not a ground for postconviction relief. *See Clarks*, 2011 Ark. 296; *Leak*, 2011 Ark. 353.

Appellant next argues that neither counsel nor the trial court advised him of his right to testify. However, one of appellant's attorneys stated on the record that he had discussed with appellant whether he should testify and that appellant had decided of his own free will not to testify. The trial court then asked appellant to confirm counsel's statement, and appellant did so. Based on the record before us, appellant was aware that he had the right to testify and waived his right.

Finally, appellant contends that the trial court erred in failing to hold a hearing on his Rule 37.1 petition and in reciting the State's argument in its findings. Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the petitioner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824. Where it dismisses a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. Here, the trial court made the requisite written findings that appellant was not entitled to relief, and

SLIP OPINION

appellant fails to establish that his claim for relief warranted an evidentiary hearing. Because the trial court complied with the requirements of Rule 37.3, there is no merit to appellant's contentions.

In sum, the trial court's decision to deny the requested relief was not clearly erroneous. Accordingly, the order is affirmed, and appellant's motions are moot.

Affirmed; motions moot.

*Jeffrey Garcia*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.