

Cite as 2016 Ark. 417

# SUPREME COURT OF ARKANSAS

No. CR–16–87

| | |
|---|---|
| TODD AARON SMITH<br><br>APPELLANT | **Opinion Delivered:** December 1, 2016 |
| V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR–13–188]<br><br>HONORABLE CARLTON D. JONES, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Todd Aaron Smith appeals the circuit court's denial of his petition for postconviction relief. Smith was convicted for the rape of a young girl. He argues that his trial counsel was ineffective in three respects: (1) for failing to object to multiple instances of inadmissible hearsay and uncharged allegations of sexual abuse; (2) for failing to object and seek a mistrial when one of the jurors allegedly fell asleep during trial; and (3) for failing to call into question the credibility of the alleged victims and to highlight inconsistencies in their stories. We affirm the circuit court's denial of postconviction relief.

In October 2013, Smith was convicted in the Miller County Circuit Court of raping a young girl, J.C., and was sentenced to forty years' imprisonment. The court of appeals affirmed. *Smith v. State*, 2014 Ark. App. 625. Smith subsequently filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016). Following a hearing, the circuit court denied the petition.

Smith had a relationship with J.C.'s mother when J.C. and her sisters were residing in their mother's home. Later, J.C. and her sisters began living with their grandmother, when she and her two younger sisters, Gr.C. and Ga.C., revealed that they had been sexually abused by Smith. The girls' grandmother contacted the police, and a sexual-assault nurse examiner interviewed and examined the girls. Each of the girls told the sexual-assault nurse that Smith had had sexual contact with them. While only J.C. showed physical signs of sexual trauma, at trial the nurse explained that it was not unusual for young girls not to exhibit physical evidence of abuse given their state of development. The three girls were also interviewed by a forensic interviewer at the Children's Advocacy Center. Like they told the nurse examiner, the girls told the forensic interviewer that Smith had sexually assaulted them. In particular, J.C. reported that on one occasion Smith had put his "private" into her "private" and that blood came out.

Although Smith was charged only with the rape of J.C., both J.C. and her sister, Gr.C., testified at trial. Gr.C. described one particular instance when Smith laid on top of her and touched her "private" with his hand. She also testified that she saw Smith "get on top of" J.C. and their younger sister, Ga.C. J.C. testified that Smith "put his private in [her] private" and that it hurt "really bad." J.C. also stated that she saw Smith rape Gr.C., Ga.C., and Smith's daughter, J.S.

When making a postconviction claim of ineffective assistance of counsel, under the two prongs of the *Strickland* test, the appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668,

104 S. Ct. 2052 (1984); *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett,* 371 Ark. 91, 263 S.W.3d 542 (2007). With respect to the requirement that prejudice be established, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910; *Sparkman v. State,* 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Sparkman,* 373 Ark. 45, 281 S.W.3d 277. On appeal, the sole question presented is whether, based on the totality of the evidence, under the standard set forth by the United States Supreme Court in *Strickland*, the trial court clearly erred in holding that counsel's performance was not ineffective. *Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46; *Watkins*, 2010 Ark. 156, 362 S.W.3d 910.

I.       *Counsel's Failure to Object to Testimony*

In his first point on appeal, Smith argues that counsel was ineffective for failing to object to hearsay testimony from witnesses. Smith contends that the State introduced, without objection, hearsay testimony from the investigating police officer, the sexual-assault nurse who examined the girls, and the forensic interviewer regarding statements that the three girls had made to them. The circuit court concluded that all of the elicited testimony fell within a hearsay exception, the pedophile exception, was cumulative and not so prejudicial as to undermine its confidence in the verdict, or was trial counsel's deliberate trial strategy. We agree.

SLIP OPINION

It was not clearly erroneous for the circuit court to find that counsel's failure to object to hearsay testimony of the sexual-assault nurse, the forensic examiner, and the investigating officer was not so prejudicial as to undermine the confidence in the verdict. This testimony either fell within a hearsay exception or was cumulative of the testimony of Gr.C. and J.C. The sexual-assault nurse's testimony regarding the girls' identification of Smith as the perpetrator was admissible under the hearsay exception of Ark. R. Evid. 803(4) (2016). Rule 803(4) provides for the admission of statements made for the purpose of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis. *See Hawkins v. State*, 348 Ark. 384, 72 S.W.3d 493 (2002). Here, the declarants were child victims, who were responding to questions from the nurse seeking to ascertain circumstances reasonably relevant to their physical and psychological diagnosis and treatment. *See id.* (citing *Stallnacker v. State*, 19 Ark. App. 9, 715 S.W.2d 883 (1986)). Accordingly, J.C., Gr.C., and Ga.C.'s statements to the nurse fall within the medical-treatment exception of Rule 803(4), and the circuit court was not clearly erroneous in its conclusion that Smith's counsel was not ineffective for failing to object to this testimony. The remainder of the hearsay testimony regarding Smith's sexual contact with minors other than J.C. was cumulative because J.C. and Gr.C. testified that Smith had molested them and that they had witnessed Smith molest their sisters and J.S. *Edison v. State*, 2015 Ark. 376, 472 S.W.3d 474; *Weber v. State*, 326 Ark. 564, 933 S.W.2d 370 (1996).

We also agree with the circuit court that the admission of hearsay testimony was a matter of trial tactic and strategy and therefore not a ground for post-conviction relief. *See*

*Williams v. State*, 2011 Ark. 489, 385 S.W.3d 288. Smith's trial counsel testified that his trial strategy, in part, was to elicit several of the girls' statements from different witnesses so that the inconsistencies would be evident to the jurors. He thought that these inconsistencies would make the girls less believable. "Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel." *Id.* Here, trial counsel made a tactical decision to allow the girls' statements to be admitted, and the circuit court did not err in finding that counsel was not ineffective for failing to challenge these statements. *See id.*

Smith also argues that his attorney was ineffective for failing to object to hearsay testimony regarding his drug use. However, because Smith himself testified that he used drugs during the time of the alleged rapes, he has failed to show how the jury's decision would have been different absent this error. We have repeatedly held that no prejudice results when evidence admitted erroneously was merely cumulative. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000). Furthermore, without showing that counsel's alleged errors were prejudicial, such claims are not grounds for relief under Rule 37.1. *Carter*, 2010 Ark. 231, 364 S.W.3d 46 (citing *Watkins*, 2010 Ark. 156, 362 S.W.3d 910). Here, the investigating officer testified that the girls' mother, Heather Crowell, confessed that she had used methamphetamine with Smith "until they passed out." This testimony was merely cumulative. Crowell testified that she and Smith "did drugs," Smith's girlfriend testified that she had seen Smith use methamphetamine, and Smith admitted during his testimony that he had used methamphetamine with Crowell.

SLIP OPINION

Smith also alleges that even if the testimony of "uncharged conduct" of Smith's sexual contact with minors other than J.C. was not hearsay, his counsel should have objected on other grounds. Here, the circuit court is correct; the testimony falls within the pedophile exception to Rule 404(b) of the Arkansas Rules of Evidence. According to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." However, this court has recognized a "pedophile exception" to this rule, whereby evidence of similar acts with the same or other children is allowed to show a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *E.g.*, *Hendrix v. State*, 2011 Ark. 122; *Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005). For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *Hendrix*, 2011 Ark. 122. There must also be an "intimate relationship" between the perpetrator and the victim of the prior act. *Id.*

Smith maintains that the pedophile exception does not apply to the forensic interviewer's testimony that J.C. witnessed Smith molest her younger sisters and Smith's daughter, J.S. He claims the pedophile exception is inapplicable to the statements J.C. made regarding the rape of his own daughter because there is no evidence that his daughter was in the same household as Smith when he raped her. Thus, he argues the State did not prove that he and his daughter had an "intimate relationship." However, whether Smith lived with J.S. is irrelevant to the inquiry of whether there was an intimate relationship between J.S. and Smith. We have defined an "intimate relationship" as "close in friendship or

acquaintance, familiar, near, or confidential." *Parish v. State*, 357 Ark. 260, 163 S.W.3d 843 (2004). We previously have admitted testimony of a child living in the same house or was an overnight guest at a perpetrator's home as well as a perpetrator who babysat a child or gained access to the child. *Id*. Therefore, it was not clearly erroneous for the circuit court to conclude that Smith and his daughter had an "intimate relationship" sufficient to meet the pedophile exception, and that Smith's counsel was not ineffective for failing to object to this testimony. *Smith v. State*, 367 Ark. 611, 242 S.W.3d 253 (2006) (counsel is not ineffective for failing to make meritless argument).

Similarly, we conclude that the investigating police officer's testimony that Ga.C. and Gr.C. reported to others that they had also been raped falls within the pedophile exception. J.C.'s sisters were abused during the same time interval as J.C., and the reported acts were similar between the three girls. Smith was dating the girls' mother during the alleged abuse, had babysat the girls, and would sometimes stay at their home. Accordingly, we affirm the circuit court's finding, as not clearly erroneous, that an intimate relationship existed between Smith, Ga.C., and Gr.C., and that his counsel was not deficient for failing to object to this testimony. In addition, we hold that the circuit court did not erroneously conclude that this testimony created no prejudice sufficient to undermine confidence in the verdict.

II.    *Counsel's Failure to Object to Sleeping Juror*

Smith also asserts that his counsel was ineffective for failing to object and seek a mistrial after learning that one or more of the jurors had fallen asleep during portions of the trial. At the Rule 37 hearing, there was conflicting testimony as to whether Smith or his


family informed Smith's counsel that a juror was asleep. Smith's attorney testified that he had no "independent recollection" that he had been told that a juror was sleeping. However, Smith's mother, Sarah Jones, stated that she had observed one juror sleeping and another using a cell phone during the trial.

In rendering its decision on the Rule 37 petition, the circuit court was not required to accept appellant's allegations as truthful. *Jones v. State*, 2014 Ark. 448, 486 S.W.3d 743. Here, the circuit court found counsel's testimony concerning whether he was informed that a juror was sleeping more credible. The circuit court also noted how difficult it would have been for a juror to fall asleep or use an electronic device unnoticed by the court, the attorneys, trial counsel, or security personnel. This court does not assess the credibility of witnesses on appeal, and we will not overturn the decision of the circuit court in this matter as it was based on the assessment of credibility by the trier of fact. *See id.*

III.     *Counsel's Failure to Call Witnesses*

Finally, Smith alleges that his counsel was ineffective for failing to take steps to call into question the credibility of the alleged victims and to highlight inconsistencies in their stories. Again, there was conflicting testimony between counsel and Smith's family as to whether the name and contact information of these potential witnesses was provided to counsel. The circuit court ultimately concluded that testimony from the Rule 37 hearing did not support Smith's allegation that counsel was provided with the contact information for these potential witnesses prior to the trial or was derelict in making contact. The circuit court was in the best position to assess the witnesses' credibility, and as this determination was based on the assessment of credibility, we will not overturn it. *Id.*

Additionally, the circuit court concluded that counsel's trial strategy was one of imperfect impeachment—allowing the State to introduce much of the girls' testimony so as to allow their inconsistences to become evident to the jury. "Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel." *Howard v. State*, 367 Ark. 18, 47, 238 S.W.3d 24, 46 (2006). For these reasons, we affirm.

Affirmed.

*Craig Lambert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.