Cite as 2021 Ark. App. 32

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-19-964

|  |  |
|---|---|
| MARDRIEKUS BLAKES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** January 27, 2021<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-18-952]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## RITA W. GRUBER, Judge

Appellant Mardriekus Blakes was convicted by a Crittenden County jury of two counts of attempted first-degree murder and four counts of felony terroristic act for shooting at victims Thomas and Cameron Bush as they were leaving a convenience store in a pickup truck. Appellant challenges only the attempted-murder convictions on appeal. He alleges that the evidence was insufficient to prove that he purposely attempted to cause the victims' death. We previously ordered rebriefing in this case, *Blakes v. State*, 2020 Ark. App. 377, and the case has returned. We now consider the merits and affirm appellant's convictions.

Cameron Bush testified that he and appellant had been friends for a long time before the shooting on September 27, 2018. A month before the incident, he and appellant had a "falling out" over five dollars. Appellant claimed Cameron owed him five dollars for cocaine; Cameron had refused to pay him. Cameron said that he and his father, Thomas

Bush, pulled into Flash Mart in West Memphis where he ran into appellant. Appellant confronted Cameron in the store, and they began to fight. Thomas went into the store to see why Cameron had not come out. Blakes came to the door, put a gun to Thomas's head, and said "get back up off me." Thomas and Cameron left the store and got into their pickup truck. As Thomas was backing up, appellant stood in front of the truck and started shooting at the truck.

Cameron testified that appellant's aim was "slightly low," and the bullets struck the truck's hood. He said if they had been "an inch higher," they would have gone through the windshield. Thomas testified that appellant's pistol was aimed at eye level and that the bullets hit the truck directly in front of where they were seated. One bullet hit Thomas's pants leg as it went through the floor. Thomas said that if a bullet had hit the engine block, it could have ricocheted up and killed one of them. A copy of the surveillance video from Flash Mart that captured the incident was played for the jury.

Appellant moved for directed verdict, arguing that there was insufficient evidence to show that he had the "purpose" to cause the Bushes' deaths. He argued that the evidence demonstrated that he aimed at the hood of the truck and not at the occupants and that all the bullets went into the truck at a downward angle. The court denied the motion, finding that it was a jury question regarding whether appellant had the purpose of causing death. The court said the video was clear that the defendant was standing, and the victims were sitting in a small truck. Appellant was standing above them, shooting downward. The court recognized that appellant was firing a deadly weapon in the direction of two people and that the jury could conclude he was "simply a bad shot."

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Swanigan v. State*, 2019 Ark. App. 296, at 8, 577 S.W.3d 737, 745. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* When reviewing a challenge to the sufficiency of the evidence, the evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Jackson v. State*, 363 Ark. 311, 315, 214 S.W.3d 232, 235 (2005). We do not weigh the evidence presented at trial, as that is a matter for the fact-finder. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474–75 (2000). Witness credibility is also an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Jackson v. State*, 2011 Ark. App. 528, at 6, 385 S.W.3d 394, 397. Finally, circumstantial evidence can support a conviction; whether it does so is for the jury to decide. *Lowry v. State*, 364 Ark. 6, 16, 216 S.W.3d 101, 107 (2005).

Appellant was convicted of attempted first-degree murder. A person commits first-degree murder if "with a purpose of causing the death of another person, the person causes the death of another person[.]" Ark. Code Ann. § 5-10-102(a)(2) (Supp. 2019). Attempted first-degree murder requires the State to prove beyond a reasonable doubt that the defendant intended to commit the offense of first-degree murder and that the defendant "purposely engaged in conduct that was a substantial step in a course of conduct intended to culminate in the commission" of first-degree murder. AMI Crim. 2d 501; *see* Ark. Code Ann. § 5-3-201(a)(2) (Supp. 2019).

At trial, both victims testified that appellant was directly in front of the truck when he began shooting, emptying his pistol, and that the bullets were within inches of where they were sitting. Cameron testified that any of the bullets could have been an inch higher and hit either of them. Thomas testified that any of the bullets could have ricocheted off the iron in the truck and killed one of them. It is presumed that a person intends the natural and probable consequences of his or her conduct. *Terrell v. State*, 2019 Ark. App. 433, at 6, 587 S.W.3d 594, 600. A jury may infer that a defendant acted with the intent and purpose necessary for first-degree murder from the type of weapon used and the manner of its use. *Id*. We hold that viewed in the light most favorable to the verdict, substantial evidence supports the verdict.

Finally, we remand the case to the circuit court for the limited purpose of entering an amended sentencing order that corrects a clerical error. Although the order correctly notes that Blakes was sentenced to 240 months for each attempted-murder conviction and that they run consecutively, the total time to be served for all offenses is listed as 240 months. We remand for the circuit court to correct the sentencing order nunc pro tunc to reflect a total time of 480 months. *See, e.g.*, *Conery v. State*, 2019 Ark. App. 529, at 3, 590 S.W.3d 162, 164.

Affirmed; remanded to correct sentencing order.

WHITEAKER and VAUGHT, JJ., agree.

*Bart Ziegenhorn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.