Cite as 2021 Ark. App. 456

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-746

| | | |
|---|---|---|
| WILLIAM J. BOSWELL | | **Opinion Delivered** November 17, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE MILLER |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 46CR-18-358] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BRENT HALTOM, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant William J. ("Jesse") Boswell appeals his convictions for rape and sexual indecency with a child, both of which concerned his niece, EU.[1] Appellant challenges the sufficiency of the evidence supporting his convictions. We affirm.

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2013). "Deviate sexual activity" includes any act of sexual gratification involving the penetration, however slight, of the labia majora of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1) (Repl. 2013). Pursuant to Arkansas Code Annotated section 5-14-110(a)(2)(A) (Supp. 2021), a person commits the offense of sexual indecency with a child if,

---

[1]Boswell was also convicted in the same jury trial of second-degree sexual assault of his great-niece, CR, but the two cases were not consolidated. The appeal related to CR is under submission with our court as a separate appeal, CR-20-745.

with the purpose to arouse or gratify a sexual desire of himself or herself or a sexual desire of another person, the person purposely exposes his or her sex organs to another person who is less than fifteen years of age.

At the time of the alleged offenses, appellant would have been well into adulthood, and EU would have been younger than fourteen. Appellant does not take issue with any specific element of the offenses. Instead, appellant contends that the circuit court erred in denying his motions for directed verdict because EU's testimony about the alleged sexual misconduct was improbable, unbelievable, and less likely to be true because EU did not report anything to the authorities for so many years.

We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Ralston v. State*, 2019 Ark. App. 175, 573 S.W.3d 607. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

In accordance with our standard of review, we recount evidence presented to the jury. EU was thirty years old at the time of trial. She said that as a child she would visit her Aunt Connie and Uncle Jesse (appellant) on weekends and in the summer. She recalled several different residences where they lived, which helped her pinpoint her age when he

2

abused her. EU said that when she was about five years old, appellant would play with her and carry her "piggyback." During piggyback rides, appellant would touch EU under her shorts, skin to skin, with his thumbs massaging her clitoris. She would have to adjust her panties and shorts when he put her down.

When she was about seven years old, she accidentally walked in on appellant in the bathroom as he sat on the toilet. Appellant told her that it was okay, to come over to him, and to touch his penis, which she did. In another incident during that same visit, she and some cousins were watching a movie, and appellant was lying right next to her. During the movie, appellant put his hands down her pants, he massaged her clitoris, and he placed her hand on his penis.

EU said that at the next house where appellant lived, appellant would come find her when everyone was asleep, and he performed oral sex on her and sometimes used Vaseline to digitally penetrate her. This happened many times over several years. He told her that this was a secret, that she could not tell anyone, and that if she did, both of them would get in trouble. EU said sometimes these incidents occurred when other family members were in the same room, but they would be asleep when it happened. When EU was around ten years old, appellant lowered his towel to expose his penis to her and later that night penetrated her vagina with his fingers. By the time EU reached age eleven or twelve, she quit staying overnight with her aunt and uncle so that the abuse would stop. When she was sixteen, EU told a friend about the abuse, and the friend encouraged her to tell someone, but she did not. EU did not want to break up her family.

3

Years later, appellant's nine-year-old great niece, CR, revealed that appellant had sexually abused her during a visit to appellant's home when CR was around seven or eight years old. CR said appellant had kissed her and touched her vagina with his fingers and with a vibrator. When EU, who was then in her twenties, heard about CR, EU finally told her sister and then law enforcement. During an interview with law enforcement, appellant eventually admitted having touched EU on her vagina on top of her clothes. At trial, though, appellant denied having ever sexually abused either EU or CR. Three other adult nieces testified that appellant had been sexually inappropriate with them as children.

The circuit court denied appellant's motion for directed verdict, and the jury found appellant guilty of rape and sexual indecency with a child. On appeal, appellant concedes that a victim's uncorroborated testimony may constitute substantial evidence but argues that EU's testimony was improbable and unbelievable; that these crimes could not have happened without family members knowing; and that appellant would not have undertaken such high-risk activity. Appellant also questions why EU did not report these crimes for so many years. Appellant does not present reversible error. Appellant's sole challenge on appeal attacks EU's credibility. This is a challenge to the jury's determination that the victim was credible, which we will not disturb on appeal. *Davis v. State*, 2016 Ark. App. 274, 493 S.W.3d 339. The jury is free to believe all or a portion of any witness's testimony. *Blakes v. State*, 2021 Ark. App. 32, 615 S.W.3d 768. The circuit court did not err in denying appellant's motions for directed verdict on one count of rape and one count of sexual indecency with a child.

4

Affirmed.

GRUBER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.