Cite as 2021 Ark. App. 455

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-745

| | | |
|---|---|---|
| WILLIAM J. BOSWELL | | **Opinion Delivered** November 17, 2021 |
| | APPELLANT | |
| V. | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-347] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BRENT HALTOM, JUDGE |
| | | AFFIRMED |

### N. MARK KLAPPENBACH, Judge

Appellant William J. ("Jesse") Boswell appeals his conviction for second-degree sexual assault of his great niece, CR.[1]  Appellant challenges the sufficiency of the evidence supporting his conviction.  We affirm.

Sexual assault in the second degree is committed when a person who is eighteen years of age or older engages in sexual contact with another person who is less than fourteen years old and not the person's spouse.  *Ralston v. State*, 2019 Ark. App. 175, 573 S.W.3d 607.  "Sexual contact" is any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. *Id.*  "Sexual gratification" is not defined in the Arkansas Code, but the two words have been

---

[1]Boswell was also convicted in the same jury trial of rape and sexual indecency with a child, both counts concerning another of Boswell's nieces, EU, but the two cases were not consolidated. The appeal concerning EU is under submission with our court as a separate appeal, CR-20-746.

interpreted according to their plain meaning. *Id.* A sexual–assault victim's testimony may constitute substantial evidence to sustain a conviction for sexual assault. *Id.* The victim's testimony need not be corroborated, and the victim's testimony alone describing the sexual contact is enough for a conviction. *Id.* Even when the defendant denies the allegations, the credibility and weight of the evidence are issues properly left to the fact-finder. *Id.* The jury may choose to believe the victim's account of the facts rather than the defendant's. *Id.*

At the time of the alleged offense, appellant would have been in his fifties, and CR would have been seven or eight years old. Appellant does not challenge whether there is sufficient proof of any particular element of the offense. Appellant asserts, instead, that CR's testimony about the alleged assault was improbable and unbelievable, i.e., that a sexual assault simply did not happen.

In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Ralston*, 2019 Ark. App. 175, 573 S.W.3d 607. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

In accordance with our standard of review, we recount evidence presented to the jury. When CR was nine years old, she reported to a family member that appellant had sexually abused her, although she did not want to discuss the details. CR was interviewed

2

at a child advocacy center, and she explained that several months before, when she would have been seven or eight years old, she had stayed overnight with appellant and his wife at their apartment. That night, CR was in the bed with appellant and his wife when appellant began kissing CR and touching her vagina with his fingers and with a vibrator. She said that the next morning, she was on the couch in the living room watching television when appellant again touched her vagina with his hands. CR was eleven years old at the time of the jury trial, and she repeated her account of appellant sexually abusing her during her overnight visit.

One of Boswell's adult nieces, EU, testified that when she visited her uncle when she was a child, he had sexually abused her repeatedly and had exposed his penis to her. She provided graphic details of the abuse she endured when she was between the ages of five and ten. EU had not told anyone for years but had finally come forward. Three other adult nieces testified that their uncle had been sexually inappropriate with them, too, when they were children.

Appellant and his wife, Connie, agreed that CR had stayed overnight with them two times, but both said CR slept in the queen-size bed with Connie while appellant slept in a recliner. Connie said she was a light sleeper, so a sexual assault could not have happened without her knowing it. Appellant denied having ever touched CR inappropriately.

The circuit court denied appellant's motion for directed verdict, and the jury found appellant guilty of second-degree sexual assault for which he was sentenced to twenty years in prison. On appeal, appellant concedes that a victim's uncorroborated testimony may

constitute substantial evidence to support a guilty verdict but argues that CR's story was improbable and unbelievable. We disagree.

Appellant's sole challenge on appeal attacks the victim's credibility. Although appellant and his wife presented their testimony that an assault on CR could not have happened, this was a matter for the jury to decide because it is the sole determiner of credibility. The jury is free to believe all or a portion of any witness's testimony, and the jury's duty is to resolve questions of conflicting testimony and inconsistent evidence. *Blakes v. State*, 2021 Ark. App. 32, 615 S.W.3d 768. The circuit court did not err in denying appellant's motion for directed verdict.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.