Cite as 2023 Ark. App. 132

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-22-346

| | |
|---|---|
| | **Opinion Delivered** March 8, 2023 |
| WILLIAM JESSE BOSWELL | |
| APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT |
| V. | [NOS. 46CR-18-347; 46CR-18-358] |
| STATE OF ARKANSAS | HONORABLE BRENT HALTOM, |
| APPELLEE | JUDGE |
| | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

William Boswell appeals the order of the Miller County Circuit Court denying his petition for postconviction relief. We affirm.

In 2018, Boswell was charged with rape and sexual indecency with a child, both of which concerned his niece. In a separate case, he was charged with the second-degree sexual assault of his great niece. The cases were tried together in September 2020, and a jury found Boswell guilty of all charges. Boswell was sentenced to thirty-five years' imprisonment for the offenses involving his niece and to twenty years' imprisonment for the offense involving his great niece. Boswell appealed both cases to this court, challenging the sufficiency of the evidence supporting the convictions. We affirmed the convictions. *Boswell v. State*, 2021 Ark. App. 456, 636 S.W.3d 827; *Boswell v. State*, 2021 Ark. App. 455, 635 S.W.3d 535.

In February 2022, Boswell filed a pro se petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. Boswell claimed that he was deprived of effective assistance of counsel based on the following allegations of error: (1) counsel failed to strike a juror who falsely stated during voir dire that he did not know Boswell; (2) counsel failed to object to venue and failed to move for severance; (3) counsel failed to adequately cross-examine the two victims and a third witness; and (4) counsel failed to call character witnesses on Boswell's behalf. Boswell submitted affidavits in support of his petition, and the State responded and included an affidavit from Boswell's trial counsel, Joshua Potter. The circuit court denied the petition without conducting an evidentiary hearing.

When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, considering the totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Frazier v. State*, 2016 Ark. 55, 482 S.W.3d 305. Under *Strickland*, the effectiveness of counsel is assessed under a two-prong standard. First, a petitioner must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* In order to demonstrate counsel's error, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* Furthermore, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner has the

burden of overcoming this presumption by identifying specific acts or omissions of trial counsel that, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

The second prong requires petitioner to show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. *Id.* Consequently, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Conclusory allegations unsupported by facts and that provide no showing of prejudice are insufficient to warrant Rule 37 relief. *Id.* The burden is on a petitioner to provide facts that affirmatively prove his ineffective-assistance-of-counsel claims, and unsubstantiated allegations cannot form the basis of postconviction relief. *Id.* Specific issues of ineffectiveness of counsel cannot be raised for the first time on appeal. *Id.* We will not consider new matters not raised in the Rule 37 petition for the first time on appeal, unless they are so fundamental as to void the conviction. *Id.*

### I. *Jury Selection*

Boswell contends that counsel erroneously failed to strike a juror, Hunter Alexander, after Boswell and his family had informed counsel that Alexander was a friend of Boswell's two sons and that Alexander lied when the potential jurors were asked if they knew Boswell. Boswell's petition also stated that his family "implied" to counsel that there were ill feelings

between Alexander and Boswell's sons.[1] Boswell submitted affidavits from himself; his wife, Connie; and his sons, Cody and Jeremy. The affidavits state that Alexander and Cody had known each other since they were around twelve years old and that they had gone to high school together through the 2012 school year. The family stated that Alexander had been to their home on several occasions, and Connie stated that Alexander was "very aware" that she and Boswell are Cody's parents. The family said they raised the issue with counsel several times, but counsel told them that they should see how jury selection plays out and that it would not matter as long as Alexander could agree to be impartial and unbiased. Jeremy stated that counsel indicated that having Alexander on the jury could be beneficial to Boswell's chances of winning.

The circuit court found that the last contact alleged in the affidavits between Alexander and any family member was in 2012 and that just because Alexander knew the sons does not mean he knew Boswell. The court also found that the decision of whether to strike a juror was one of trial strategy, and here, counsel had indicated that Alexander could be good for the defense. The court concluded that there was no proof that Alexander had answered any question in an untruthful manner, that there was no proof that he was not fair and impartial, and that there was no showing that Boswell was prejudiced.

---

[1]On appeal, Boswell states that the family "expressed" to counsel that Alexander had ill feelings toward the family, specifically Boswell's sons, and that the ill feelings were about an event that had occurred while his sons and Alexander were in high school. These allegations are not preserved, however, because they were not made below.

4

To prevail on an allegation of ineffective assistance of counsel over jury selection, a petitioner first must overcome the "heavy burden" and presumption that jurors are unbiased. *Holland v. State*, 2022 Ark. 138, 645 S.W.3d 318. To accomplish this, he must show actual bias, and the actual bias must have been sufficient to prejudice him to the degree that he was denied a fair trial. *Id.* Bare allegations of prejudice by counsel's conduct during voir dire that are unsupported by any showing of actual prejudice do not establish ineffective assistance of counsel. *Id.* We agree with the circuit court that Boswell failed to allege sufficient facts to overcome the presumption that Alexander was unbiased. *See Frazier*, *supra*. Furthermore, according to Jeremy's affidavit, counsel's decision to not strike Alexander was one of trial strategy, and Boswell has failed to show that counsel's judgment was unreasonable. The circuit court did not clearly err in denying relief on this issue.

## II. *Venue and Severance*

Boswell argues, as he did below, that counsel was ineffective for failing to "bring forth the evidence" to prove that venue was improper as to the rape charge. He also argues that counsel should have sought to sever the charges because there was "substantial likelihood that a jury would be unable to separately consider the proof related to the separate offenses and would convict [him] in the aggregate." The circuit court found that Boswell had failed to make a compelling argument on this point, and the record reflected that he had received a fair trial on all counts. The court found that Boswell had failed to show that the trial of the two cases together was not part of defense counsel strategy and that, in all likelihood, the testimony of all victims would have been admitted even if tried separately.

5

We agree with the circuit court that Boswell has failed to make a compelling argument regarding venue since he has not alleged what evidence he claims his counsel failed to bring forth. Conclusory allegations unsupported by factual information of counsel's ineffectiveness do not provide a basis for postconviction relief. *Bond v. State*, 2013 Ark. 298, 429 S.W.3d 185. Regarding severance of the charges, we have recognized that it is a sound strategic decision not to seek severance when the same evidence would be admitted in both trials under the pedophile exception. *Campbell v. State*, 2020 Ark. App. 480, 611 S.W.3d 230. The pedophile exception allows evidence of the defendant's similar acts with the same or other children to show a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Smith v. State*, 2016 Ark. 417, 504 S.W.3d 595. Here, in addition to the testimony of the victims of the charged offenses, three other women testified that Boswell had been sexually inappropriate with them as children. *Boswell v. State*, 2021 Ark. App. 456, 646 S.W.3d 827. Because the evidence involving all the charged offenses and the prior bad acts would have likely been admissible in both trials if severed, Boswell has failed to show that counsel was deficient in failing to move for severance.

## III. *Cross-Examination*

Boswell argues that counsel was ineffective for failing to adequately cross-examine the victims and a third witness who also made allegations of sexual abuse against Boswell. Boswell claims that the victims gave contradictory testimony regarding which one of them first made allegations against him and that counsel rejected his request to cross-examine the victims with certain questions to attack their credibility on this issue. Boswell claims that

6

counsel should have cross-examined the third witness with a list of questions he provided counsel regarding the witness's loss of a job, a phone call she allegedly made accusing him of being a pedophile, Boswell's repossession of a car he leased her, and her statement that he would regret it. The circuit court found that Boswell's list of questions and anticipated answers was not probative of any issue and that counsel's handling of cross-examination was not deficient.

The manner of questioning a witness is by and large a very subjective issue about which different attorneys could have many different approaches. *Garcia v. State*, 2013 Ark. 405. Counsel is allowed great leeway in making such strategic and tactical decisions. *Id.* Those decisions are a matter of professional judgment, and matters of trial tactics and strategy are not grounds for postconviction relief on the basis of ineffective assistance of counsel, even if a decision proves unwise. *Id.* We hold that the circuit court did not clearly err in denying relief on this point. Counsel's decision not to ask the questions proposed by Boswell was professionally reasonable, and Boswell has not shown that had counsel asked the proposed questions, the trial had a reasonable probability of a different outcome. *See Barrett v. State*, 2021 Ark. App. 21, 617 S.W.3d 287.

IV. *Character Witnesses*

Boswell argues that counsel was ineffective for failing to call five named friends who were available to testify about his "character, credibility, and general lifestyle." He also claims that counsel should have asked one of his sons about an allegation that a victim asked him

to lie. The circuit court found that counsel's decisions regarding the calling of witnesses were strategic decisions and that Boswell had failed to prove ineffectiveness or prejudice.

Boswell's petition included affidavits from the five named witnesses stating that they were prepared to testify as character witnesses; three of the affidavits include the substance of the testimony that would have been offered. One of Boswell's friends, however, did testify as a character witness at trial. Richard P. Chaney testified that he had been friends with Boswell since 1997, that his children had spent the night at Boswell's home, that he never saw anything inappropriate, and that he still takes his grandchildren to Boswell's home. However, on cross-examination, Chaney conceded that the sexual assault of a child would most likely not occur in front of someone else. Furthermore, he was asked whether he was aware that Boswell had admitted to law enforcement that he had touched his niece's vagina.

When assessing a trial counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment that experienced advocates could endlessly debate, and the fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Campbell*, *supra*. The cross-examination of Chaney reveals sound bases for not calling further character witnesses as a matter of trial strategy, and Boswell has failed to show that had counsel presented more character witnesses, the trial had a reasonable probability of a different outcome. Finally, Boswell argues that the affidavit of his son Jeremy states that a victim asked him to lie and testify that Boswell touched him; however, Jeremy's affidavit actually states,

8

"They were trying to say my dad touched me but he has never done anything toward me nor anybody else." Accordingly, the facts do not support Boswell's allegation.

Affirmed.

HARRISON, C.J., and GLADWIN, J., agree.

*William J. Boswell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.