Cite as 2025 Ark. App. 486

# ARKANSAS COURT OF APPEALS
## DIVISION III
#### No. CR-24-580

| | | |
|---|---|---|
| DAVID WELCH | | **Opinion Delivered** October 22, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| V. | | [NO. 63CR-21-655] |
| | | |
| STATE OF ARKANSAS | | HONORABLE JOSH FARMER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### ROBERT J. GLADWIN, Judge

Appellant David Welch appeals the Saline County Circuit Court's order revoking his probation. On appeal, Welch argues that his trial counsel was ineffective; that the circuit court lacked subject-matter jurisdiction; that the contractual nature of the plea agreement was not properly explained to him by his counsel or the circuit court; and that he signed the plea agreement under coercion and duress. We affirm. This is a companion case to *Welch v. State*, 2025 Ark. App. 487, also handed down today.

### I. *Background Facts*

Welch entered a negotiated plea of guilty in the Saline County Circuit Court in case No. 63CR-21-655 on January 10, 2022, to possession of firearms by certain persons and possession of a defaced firearm. He was placed on probation for a period of six years. On the same day, Welch entered a negotiated plea of guilty in case No. 63CR-20-516 to commercial

burglary and received six years of probation. The court ordered the probationary periods in both cases to run concurrently.

On March 4, 2022, the State filed a petition to revoke Welch's probation in both cases for failure to report to his supervising officer, testing positive for illegal substances, and failure to pay his supervising fees as required in his probation conditions. Subsequently, Welch failed to appear for court on several occasions, and the State filed an amended petition to revoke his probation on February 21, 2023, adding the following violations: failure to appear; driving while intoxicated; refusal to submit to a chemical test; fictious vehicle tags; driving on a suspended license; having no liability insurance; testing positive for illegal substances; and failure to pay additional supervision fees, fines, and court costs.

At Welch's request, his court-appointed counsel was relieved by the circuit court, and Welch proceeded to the May 22, 2024 revocation hearing pro se. After the hearing, the court revoked Welch's probation, and he was sentenced to 120 months' imprisonment in the Arkansas Division of Correction.[1] Welch filed a timely notice of appeal; this appeal followed.

II. *Standard of Review*

---

[1]Welch did not request a transcript of the May 22, 2024 revocation hearing in his notice of appeal; therefore, it is not part of the record. However, because Welch does not allege any error on appeal from the revocation hearing, we proceed to the merits of Welch's arguments without requiring supplementation of the record.

A circuit court may revoke a defendant's probation at any time before the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2023); *Tilley v. State*, 2024 Ark. App. 19, 683 S.W.3d 200. The State's burden of proof in a revocation proceeding is lower than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Id.*

III. *Discussion*

On appeal, Welch first maintains that his counsel was ineffective for failing to inform the circuit court of his reasons for failing to appear for certain court dates. Specifically, he contends that his counsel failed to inform the court that he was detained and failed to provide the court with quarantine orders on two separate occasions, which resulted in a failure to appear. Welch also argues that his counsel failed to "make clear the implications of [his] plea agreement" and failed to inform him of the "jurisdictional and venue issues" due to his "citizenship and political status as a non-resident alien." However, it is well settled that this court will not consider ineffective-assistance-of-counsel claims on direct appeal unless that issue has first been considered by the circuit court. *See, e.g., Chandler v. State*, 2024 Ark. App. 260, 688 S.W.3d 170. Welch does not assert that he made these claims below nor does our record reflect that he did so; thus, his ineffective-assistance-of-counsel claims are not preserved because he cannot raise them for the first time on appeal. *See Boswell v. State*, 2023 Ark. App. 132, 699 S.W.3d 110.

Next, Welch maintains that the circuit court lacked subject-matter jurisdiction and claims that the United States Supreme Court had original jurisdiction over his case because he is a "non-resident alien." Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Wolfe v. Payne*, 2021 Ark. 87, 622 S.W.3d 625. When the circuit court has personal jurisdiction over the appellant and jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. Moreover, a circuit court has personal jurisdiction over offenses committed within the county over which it presides. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Here, Welch does not dispute that the crimes were committed in Saline County, Arkansas; therefore, his jurisdictional challenge lacks merit.

Finally, Welch's last three arguments relate to his negotiated guilty pleas. Specifically, he contends that the "contractual nature of the plea agreement" was not disclosed to him by either the circuit court or defense counsel and, furthermore, that he signed the plea agreement under coercion and duress. Welch's arguments pertaining to his guilty pleas, however, are improperly raised here. The issue here is whether the revocation of his probation should be upheld, not whether his guilty pleas were proper. Any claims he desired to raise regarding his guilty pleas could, and should, have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2024). *See McLeod v. State*, 2010 Ark. 95. Welch does not allege that he sought postconviction relief

4

nor does our record contain any evidence that he did so.  Accordingly, we cannot address these arguments on appeal.

IV. <em>Conclusion</em>

For the above-stated reasons, we affirm the revocation of Welch's probation.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*David Welch*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.